## UNION TRUST CO v LESSOVITZ et.

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10098. Decided Dec. 9, 1929

Tolles. Hogsett & Ginn, Cleveland, for Trust Co.

M. B. & H. H. Johnson, Cleveland, for Lessovitz.

LEMERT, PJ and SHERICK, J, (5th Dist) sitting.

**LEMERT, PJ.**

Plaintiff in error claims that they understood that they were to get a first mortgage and they got a first mortgage. It does not necessarily follow by that fact alone that they are entitled to subrogation as prayed for. In the absence of an assignment it does not necessarily follow that the plaintiff is entitled to subrogation upon the facts as disclosed by the record as to any understanding it may have had at the time of the cancellation of the two mortgages. The record shows that The Union Trust Company advanced money to pay off these two old mortgages, not relying upon any right to be subrogated, not relying upon any statement of the owners as to the liens on their property, but relying on a new mortgage covering the parcel on which they were paying off the old mortgages, and also on another parcel of real estate. They further relied upon the certificate of the title that this new mortgage was the first lien.

Under such a statement of facts the courts hold that the person paying the debt of another is not subrogated to the rights of the lienor whose lien was discharged.

Where the person seeking subrogation advanced money to pay off certain judgments and there was no assignment of the judgments to the lender and the lien of an innocent person intervened, the courts have held that the lender was not relying on the old judgments but was relying on the new mortgage and refused subrogation.

Rice vs. Winter, 45 Neb. 517 is a case directly in point with the instant case and under the authority of this case the plaintiff in the instant case is certainly bound by a certificate of title upon which it relied and plaintiff now comes into a court of equity and seeks the benefit of the equitable doctrine of subrogation to the prejudice of an innocent intervening lienholder. In other words, the plaintiff seeks to deprive W. E. Taylor of a legal right as an award for the negligence of its agent in overlooking this lien.

There is no doubt but what the benefit of subrogation may be waived in the instant case. We believe The Union Trust Company did waive any rights that it might have had to be subrogated to the rights of the mortgages which it paid off because there was no agreement between Lessovitz and Fishman for subrogation, because the record clearly discloses that subrogation was not thought of or intended at that time and because it did rely instead on its new mortgage and the certification of the title company which negligently searched the records.

In the cases cited by plaintiff in their brief on the matter of subrogation, in those cases the courts found as a condition precedent to granting subrogation that the rights of intervening lienholders would not be prejudiced and their position would not be changed. Such is not true in the instant case. The lienholder W. E. Taylor's position would be changed for the worse if the relief asked by plaintiff is granted. At the time his judgment became a lien he had a right to a first lien as soon as Lessovitz and Fishman paid off the prior mortgage. They have paid off more than that and yet the plaintiff claims that it is entitled to an additional amount of $6187.92 and that the defendant W. E. Taylor is entitled to nothing until it is so paid. We believe that this claim has no merit in a court of equity.

We, therefore, hold that W. E. Taylor is entitled first, to be paid the sum of $1757.61 with interest from January 30th, 1929, out of the proceeds of the sale of this property.

Finding no error in the record, the judgment of the court below will be and the same is hereby affirmed. Exceptions may be noted.

Sherick, J., concurs. Houck, J., not participating.